**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| POPLAR CREEK, LLC, | ) | Case No. 18 B 14161 |
| | ) | |
| | ) | Hon. LaShonda A. Hunt |
| Debtor. | ) | U.S. Bankruptcy Judge |
| | ) | |
| | ) | Motion Date: May 30, 2018 |
| | ) | Time: 10:00 a.m. |

**FIRST AMERICAN BANK'S MOTION FOR RELIEF FROM STAY OR,**
**IN THE ALTERNATIVE, TO DISMISS THE CASE FOR OTHER REASONS**

First American Bank, an Illinois banking corporation ("First American"), by and through its undersigned attorneys, requests that this Court lift the automatic stay pursuant to Section 362(d) of Title 11 of the United States Code, 11 USC § 101-§1532, as amended ("**Bankruptcy Code**") or, in the alternative, to dismiss the Debtor's Bankruptcy Case because it constitutes a "bad faith" filing under Section 1112(b) of the Bankruptcy Code. In support of this motion, First American states as follows:

**I.      INTRODUCTION**

Poplar Creek, LLC ("**Poplar Creek**" or "**Debtor**") owns a building located at 2401 West Higgins, Hoffman Estates, Illinois 60195 (the "**Property**"). Poplar Creek leases the entire property to a related, non-debtor tenant, The Stonegate Conference & Banquet Centre, L.L.C. ("**Stonegate**"), which operates a banquet facility at the Property. On February 27, 2004, Poplar Creek borrowed $8,100,000 (the "**Loan**") from First American Bank ("**First American**"). Poplar Creek's obligation to repay First American was evidenced by a Term Note executed by Poplar Creek in favor of First American, and a Loan Agreement by and between Poplar Creek and First American, both dated as of the date of the Loan, February 27, 2004. Poplar Creek's

obligation to repay the Loan was secured by, among other things, a Mortgage on the Property, an Assignment of Leases and Rents, and certain limited guaranties of the principals of Poplar Creek (the "**Guaranties**"), George A. Moser, Douglas C. Altenberger, George M. Moser, and Martin R. Walsh (collectively, the "**Guarantors**") all of which are dated as of the date of the Loan, February 27, 2004.  The Note, the Loan Agreement, the Mortgage, the Assignment of Leases and Rents and the Guaranties have been amended and reaffirmed over the last thirteen years with the last amendment being made under the Sixth Loan Modification Agreement dated July 17, 2017 and which established the maturity date for the Loan for September 1, 2017 (the "**Maturity Date**").

Poplar Creek failed to pay the Loan when due and owes First American $6.7 million, plus fees and interest through the is due and owing to First American, First American filed a commercial mortgage foreclosure action against the mortgagor, Poplar Creek, and sought to enforce its rights against Stonegate and the Guarantors by filing an action in the Chancery Division of Cook County (the "**Chancery Court**") of Cook County, Illinois on November 9, 2017 (Case No. 2017 CH 14974) (the "**Mortgage Foreclosure Action**").  (A copy of the Verified Complaint to Foreclose Mortgage and for Other Relief filed by First American, without Exhibits 1-17, is attached as **Exhibit 1**.)  The Mortgage Foreclosure Action alleges eight counts. Of these counts, First American seeks to foreclose on the Mortgage, collect on the amount due under the Loan, and enforce the terms of the Guaranties.  The defendants have taken every step to delay the resolution of the Mortgage Foreclosure Action.  When no more procedural hurdles were could be employed, Poplar Creek filed for bankruptcy.

Stonegate, Poplar Creek's sole tenant, has common ownership with the Debtor. Stonegate has failed to pay rent to Poplar Creek.  (After the Loan matured, Poplar Creek did make some payments until December 2017.)   Upon information and belief, Stonegate and

Poplar Creek have no written lease. Poplar Creek is a single commercial real estate project, which generates substantially all of its gross income of from any rent paid by Stonegate. Poplar Creek has no operating business, no cash flow, no significant unsecured creditors, and the sole asset of its bankruptcy estate is the Property. Poplar Creek is accruing real estate taxes at the rate of $22,000 a month.

## II.   JURISDICTION

1.   On May 15, 2015 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2.   The United States District Court for the Northern District of Illinois (the "**District Court**") has jurisdiction under 28 U.S.C. §§ 157 and 1334. The venue for this proceeding is proper under 28 U.S.C. §§1408 & 1409.

3.   The District Court has, under Local Rule LR40.3.1 and Internal Operating Procedure 15(a), referred all bankruptcy cases, and all related adversary proceedings, to the United States Bankruptcy Court for the Northern District of Illinois.

4.   This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (G).

## III.   BACKGROUND FACTS

### A.   The Loan, the Mortgage, and Related Loan Documents.

5.   The $8,100,000 Loan to Poplar Creek was evidenced by that certain term note dated February 27, 2004, executed by Poplar Creek in favor of First American (the "**Note**"). **Exhibit 2.**

6.   To secure its obligations under the Loan, Poplar Creek granted First American a mortgage on the Property (the "**Mortgage**") dated as of, and recorded on February 27, 2004, in

the Office of the Cook County Recorder of Deeds ("**Recorder of Deeds**") as Document No. 0405826116.  **Exhibit 3**.

7.     As additional consideration and to further secure its obligation to repay the Loan, Poplar Creek executed an assignment of rents and leases in favor of First American dated as of February 27, 2004 (the "**Assignment of Rents and Leases**").  The Assignment of Rents and Leases was recorded February 27, 2004, in the Office of the Cook County Recorder of Deeds as Document No. 0405826117.  **Exhibit 4**.

8.     Poplar Creek and First American also executed that Loan Agreement dated as of February 27, 2004.  **Exhibit 5.**

9.     On February 27, 2004, the Guarantors executed the Guaranties in favor of the First American.  **Exhibit 6**.

10.     On November 1, 2004, Poplar Creek executed that certain First Amendment to Term Note which, among other things, extended the maturity date of the Loan to November 1, 2009, under certain circumstances.  **Exhibit 7**.

11.     On November 1, 2004, Poplar Creek and First American entered into that certain First Amendment to Loan Agreement which, among other things, extended the maturity date of the Loan to November 1, 2009, under certain circumstances.  **Exhibit 8**.  Under the First Amendment to the Loan Agreement, the Guarantors affirm their obligations under their Guaranties.

12.     On November 1, 2009, Poplar Creek executed an Amended and Restated Term Note in favor of First American, reflecting a new principal balance of $7,892,405.23.  **Exhibit 9**.

13.     Poplar Creek and First American amended the Mortgage under that certain First Amendment to Mortgage dated November 1, 2009, which was recorded February 1, 2010, with the Recorder of Deeds as Document No. 1003218031.  **Exhibit 10**.

14. The Guarantor executed new guarantees in favor of the First American on November 1, 2009 (the "2009 Guaranties"). **Exhibit 11**.

15. Poplar Creek, First American, and the Guarantors subsequently entered into five (5) Loan Modification Agreements. The Second Loan Modification Agreement is dated December 16, 2013, and was recorded with the Recorder of Deeds on January 21, 2014, as Document No. 1402122096. **Exhibit 12**. The Third Loan Modification Agreement is dated December 12, 2014, and was and recorded with the Recorder of Deeds on December 23, 2014, as Document No. 1435756115. **Exhibit 13**. The Fourth Loan Modification Agreement is dated December 24, 2015, and was and recorded with the Recorder of Deeds on January 15, 2016, as Document No. 1601508244. **Exhibit 14**. The Fifth Loan Modification Agreement is dated December 27, 2016, and was and recorded with the Recorder of Deeds on January 6, 2017, as Document No. 1700629030. **Exhibit 15**. The Sixth Loan Modification Agreement dated July 17, 2017, and was and recorded with the Recorder of Deeds on August 8, 2017, as Document No. 1722034094. **Exhibit 16**. Under the terms of the Sixth Loan Modification, the parties agreed, among other things, to exact the Maturity Date to September 1, 2017.

16. When the Debtor failed to repay the Loan when due, First American commence the Mortgage Foreclosure Action in Chancery Court on November 9, 2017.

17. After serving the defendants, Poplar Creek, Stonegate, and the Guarantors, First American filed its Motion to Appoint a Receiver on January 16, 2018. Poplar Creek and the Guarantor undertook a coordinated effort to delay the appointment of a receiver by filing a series of coordinated motions seeking the substitution of judge. The motion to appoint a receiver was set for May 16, 2018.

18. On the eve of this motion, Poplar Creek filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

19. Poplar Creek's sole asset of its bankruptcy estate is the Property which it has leased to an insider, Stonegate under an oral lease. Real Estate taxes continue to accrue at the rate of approximately $22,000 a month.

## IV. **BASIS FOR RELIEF FROM THE AUTOMATIC STAY**

20. Relief from the automatic stay is permitted under 11 U.S.C. § 362(d), which states:

> (a) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay:
>
>> (1) for cause, including lack of adequate protection of an interest in property of such party in interest; or
>>
>> (2) with respect to a stay of an act against property under subsection (a) of this section, if:
>>
>>> (A) the debtor does not have an equity interest in such property, and
>>>
>>> (B) such property is not necessary to an effective reorganization
>>
>> (3) with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90-day period) or 30 days after the court determines that the debtor is subject to this paragraph, whichever is later. . . .

11 U.S.C. § 362(d).

21. The term "cause" as used in Section 362(d) has no clear definition, as it is determined on a case-by-case basis. *International Business Machines v. Fernstrom Storage and Van Co. (In re Fernstrom Storage and Van Co.)*, 938 F.2d 731, 735 (7th Cir. 1991). In determining whether "cause" exists for modifying the automatic stay, the court will base its decision on the hardships imposed on the parties with an eye toward the overall good of the Bankruptcy Code. *Matter of C&S Grain Company,* 47 F.3d 233, 238 (7th Cir. 1995). The

determination of whether cause exists to lift the stay is a fact-intensive inquiry made on a case-by-case basis. *In re Betzold,* 316 B.R. 906, 915 (Bankr. N.D. Ill. 2004).

  **B.**  **Relief From Automatic Stay Should be Granted Under 11 U.S.C. §362(d)**

22.  The Automatic Stay Should Be Modified For Cause Under 11 U.S.C. §362(d)(1)

  (a)  First American is entitled to relief from the automatic stay for cause under 11 U.S.C. §362(d)(1), because First American's interest in the Property is inadequately protected. In particular, Poplar Creek has failed to accrue for the real estate taxes. The second installment of real estate taxes for 2017 is estimated to $129,000.

  (b)  Upon information and belief, Poplar Creek has failed to collect the rent due it from Stonegate. Presumably, this is because Poplar Creek and Stonegate share certain common ownership.

  (c)  Poplar Creek and its sole tenant, Stonegate, are operating the Property in violation of the Municipal Code. A copy of these violations from the Village of Hoffman Estates is attached as **Group Exhibit 17**.

  (d)  The automatic stay of the related foreclosure proceedings prevents First American from taking the steps necessary to protect its interests in the Property.

  (e)  Poplar Creek's lack of resources to address the issues of the Property constitutes cause to modify the automatic stay.

  (f)  Also, at its heart, this is a dispute between Poplar Creek and First American. This bankruptcy case has been filed only to delay the Mortgage Foreclosure Action.

  **C.**  **Modifying the Automatic Stay Under 11 U.S.C. §362(d)(2) is Appropriate.**

23.  The Debtor Lacks Equity in the Property 11 U.S.C. §362(d)(2)(A).

      (a)      The Debtor has no equity in the Property. The current amount of the Loan is estimated to be $6,757,087.12, plus additional interest, costs of collection, accrued and unpaid real estate taxes and legal fees.

      (b)      On November 8, 2016, the Property was appraised at $6,900,000. **Exhibit 18**. However, this appraisal does not address the reduction in value if the Property has to be liquidated in an expedited manner. It is reasonable to assume the Property is worth less than $6,900,000 if it were to be sold in an expedited manner.

24.      The Property is Not Necessary for an Effective Reorganization under 11 U.S.C. §362(d)(2)(B).

      (a)      Under this prong, the Debtor must establish that the Property is "necessary to an effective reorganization." *See* 11 U.S.C. § 362(d)(2)(B). To demonstrate this element, the Debtor must show that there is "a reasonable possibility of a successful reorganization within a reasonable time. *In re Mayslake Vill.-Plainfield Campus, Inc.,* 441 B.R. 309, 324 (Bankr. N.D. Ill. 2010)

      (b)      In the case of E*dgewater Walk Apartments v. Mony Life Insurance Co.* (*In re Edgewater Walk Apartments*), 162 B.R. 490 (N.D. Ill. 1993), the District Court affirmed the Bankruptcy Court's decision to grant stay relief under Section 362(d)(2) applying the "reasonable possibility of a successful reorganization" standard under *United States Ass'n v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 108 S. Ct. 626 (1988). In *Edgewater*, the court found that although the property at issue was necessary for reorganization, the Debtor had failed to show that reorganization was feasible. 162 B.R. at 495.

(c)  The *Edgewater Court* identified the following factors to be used in assessing the probability of a successful reorganization, in the context of a stay relief hearing under Section 362(d)(2):

> (A) whether the lender's allowed secured claim that [sic] can realistically be valued and paid over time with a discount factor equal to the market rate of interest from the debtor's net operating income generated by its property; (B), whether some other means of proposing a confirmable plan are realistically contemplated, like new value contributions; and, finally, (C), whether debtors are moving meaningfully to propose a plan of reorganization. 162 B.R. at 495 (citing In re Ashgrove Apts. of Dekalb County, Ltd., 121 B.R. 752, 756 (Bankr. S.D. Ohio 1990)).

(d)  Poplar Creek has not demonstrated any net operating income, no new value contributions have been proposed.

(e)  The Property is not necessary for reorganization, because Poplar Creek cannot reasonably demonstrate that it can propose a plan of reorganization within a reasonable period.

### D. **Modification of the Automatic Stay is Appropriate Under 11 U.S.C. §362(d)(3)**

25.  The Premises securing Poplar Creek's performance of its obligations under the Revised Mortgage and related instruments, and First American's interest therein, is a single asset real estate under the U.S. Bankruptcy Code. Poplar Creek meets the definition under Section 101(51B).

26.  Here, Poplar Creek is a single asset real estate debtor (a "**SARE debtor**"). First, the Premises is a commercial property, and the single property or asset that secures First American's interests in the Revised Mortgage and related instruments. Second, upon information and belief, the rental income paid to Poplar Creek by tenant Stonegate is all of Poplar Creek's gross income as demonstrated by the Debtor's tax returns.

27. Poplar Creek's historical financial statements show that its sole source of income is rent from Stonegate. Correspondingly, Stonegate's historical financial statements show the payment of rent to Poplar Creek.

## V. ALTERNATIVELY, THE DEBTOR'S CASE SHOULD BE DISMISSED FOR A LACK OF GOOD FAITH

28. It is well recognized that "good faith" is generally recognized as a prerequisite for eligibility to file a Chapter 11 case and the lack thereof may be "cause" for dismissal of a case under § 1112(b) of the Bankruptcy Code. *In re Tekena USA, LLC*, 419 B.R. 341, 346 (Bankr. N.D. Ill. 2009), citing *In re Madison Hotel Associates,* 749 F.2d 410, 426 (7th Cir.1984).

29. In the present case, there are some factors which demonstrate "bad faith."

   (a) Poplar Creek has few or no unsecured creditors.

   (b) Poplar Creek has engaged in conduct to delay the pending Mortgage Foreclosure Action, by filing six (6) of "Substitution of Judge" motions in a coordinated manner.

   (c) When it exhausted its SOJ moiton, Poplar Creek filed for bankruptcy protection on the eve of the appointment of a receiver and the resulting loss of Poplar Creek's control of the Property.

   (d) The Property represents the sole or major asset of Poplar Creek.

   (e) There is no possibility of reorganization.

   (f) Poplar Creek cannot service the debt owed to First American.

   (g) The Chapter 11 is essentially a two-party dispute.

   (h) Poplar Creek filed the bankruptcy case to create the automatic stay.

   (i) Stonegate is an insider and has failed to pay Poplar Creek rent due under the oral lease.

30. Bad faith may be found where a petition is filed for an improper purpose. It is not improper for the Debtor to adjust its debts; the issue is whether the Debtor has presented a legitimate reorganizational objective within the scope of the Bankruptcy Code or whether the Debtor has presented tactical reasons unrelated to reorganization. *Id*. at 349.

31. Poplar Creek – facing the appointment of a Receiver and the loss of control of the Property – filed this Bankruptcy Case for further delay.

WHEREFORE, First American Bank prays this Court enter an Order under 11 U.S.C. §362(d) modifying the automatic stay to allow it to continue the Mortgage Foreclosure Action or, in the alternative, dismissing the bankruptcy case because it was filed in bad faith under 11 U.S.C. §1112(b), granting attorney's fees, and for such other and further relief as this Court may deem just and proper.

Dated: May 24, 2018       Respectfully submitted,

**FIRST AMERICAN BANK**

/s/ Mark E. Leipold
One of its Attorneys

Mark E. Leipold
Justin W. Hanson
GOULD & RATNER LLP
222 North LaSalle Street, Suite 800
Chicago, Illinois 60601
Telephone: (312) 899-1651
Facsimile: (312) 236-3241

88990.043
4840-1262-3462, v. 8

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| POPLAR CREEK, LLC, | ) | Case No. 18 B 14161 |
| | ) | |
| | ) | Hon. LaShonda A. Hunt |
| Debtor. | ) | U.S. Bankruptcy Judge |
| | ) | |
| | ) | Motion Date: May 30, 2018 |
| | ) | Time: 10:00 a.m. |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on May 30, 2018, at 10:00 a.m. or as soon as thereafter counsel may be heard, we will appear before the Honorable LaShonda Hunt, or any judge sitting in her stead, in Courtroom 719 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street., Chicago, Illinois 60604, and shall then and there present the attached FIRST AMERICAN BANK'S MOTION FOR RELIEF FROM STAY OR, IN THE ALTERNATIVE, TO DISMISS THE CASE FOR OTHER REASONS, a copy of which is hereby served upon you.

    Respectfully submitted,

    First American Bank

    By: /s/ Mark E. Leipold
        One of its attorneys

Mark E. Leipold (I.D. No. 6194124)
GOULD & RATNER
222 North LaSalle St., Suite 800
Chicago, Illinois 60601
(312) 236-3003
mleipold@gouldratner.com

## **CERTIFICATE OF SERVICE**

    I, Mark E. Leipold, an attorney, certify that I electronically filed the foregoing NOTICE OF MOTION and FIRST AMERICAN BANK'S MOTION FOR RELIEF FROM STAY OR, IN THE ALTERNATIVE, TO DISMISS THE CASE FOR OTHER REASONS with the Clerk of the Court using the CM/ECF filing system, which will send notification of such filing to the following counsel of record electronically, on this 24th day of May, 2017.

    David K. Welch
    Brian P Welch
    Robert J Jumbeck
    Burke, Warren, MacKay & Serritella, P.C.
    330 N. Wabash, 21st Floor
    Chicago, IL 60611
    dwelch@burkelaw.com
    bwelch@burkelaw.com
    jjumbeck@burkelaw.com

    Patrick S Layng
    Office of the U.S. Trustee, Region 11
    219 S Dearborn St
    Room 873
    Chicago, IL 60604

    Additionally, I caused the foregoing to be served on the parties listed below via the methods indicated on the 25th day of May, 2017:

    *Via Messenger and U.S. Mail*
    Poplar Creek, L.L.C.
    c/o Douglas C. Altenberger, Registered Agent
    106 Otis Road
    Barrington IL 60010

    *Via Messenger*
    Poplar Creek, L.L.C.
    c/o Douglas C. Altenberger, Registered Agent
    2500 W. Higgins Rd. Ste. 400
    Hoffmann Estates 60195

    /s/ Mark E. Leipold

4852-2355-7734, v. 1