**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| POPLAR CREEK, LLC, | ) | Case No. 18 B 14161 |
| | ) | |
| Debtor. | ) | Hon. LaShonda A. Hunt |
| | ) | U.S. Bankruptcy Judge |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on February 28, 2019, at 10:00 a.m., we shall appear before the Honorable LaShonda A. Hunt, Bankruptcy Judge in Courtroom 719, at the Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois, or before any other Bankruptcy Judge who may be sitting in her place, and shall present **FIRST AMERICAN BANK'S MOTION FOR DISGORGEMENT OF ADVANCED RETAINER AND TO DISQUALIFY BURKE, WARREN, MACKAY, AND SERRITELLA, P.C. FROM REPRESENTING THE DEBTOR/DEBTOR-IN-POSSESSION**, a copy of which is attached hereto and is herewith served upon you.

Dated: February 27, 2019

Respectfully submitted,

**FIRST AMERICAN BANK,**
By:/s/ *Ronald R. Peterson*
    One of its Attorneys

| | |
|---|---|
| Ronald R. Peterson (ARDC #2188473) | Paul W. Carroll (ARDC #6196314) |
| RPeterson@jenner.com | PCarroll@gouldratner.com |
| Precious S. Jacobs (ARDC #6300096) | Matthew A. Olins (ARDC #6275636) |
| PJacobs@jenner.com | MOlins@gouldratner.com |
| JENNER & BLOCK LLP | GOULD & RATNER LLP |
| 353 North Clark Street | 222 North LaSalle Street, Suite 300 |
| Chicago, Illinois 60654 | Chicago, Illinois 60601 |
| Tel: (312) 923-2981/Fax: (312) 840-7381 | Tel: (312) 899-1651/Fax: (312) 236-3241 |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| POPLAR CREEK, LLC, | ) | Case No. 18 B 14161 |
| | ) | |
| Debtor. | ) | Hon. LaShonda A. Hunt |
| | ) | U.S. Bankruptcy Judge |

**FIRST AMERICAN BANK'S MOTION FOR DISGORGEMENT OF ADVANCED RETAINER AND TO DISQUALIFY BURKE, WARREN, MACKAY, AND SERRITELLA, P.C. FROM REPRESENTING THE DEBTOR/DEBTOR-IN-POSSESSION**

First American Bank, an Illinois banking corporation ("*First American*"), by and through its undersigned attorneys, respectfully moves for the disgorgement of the advanced retainer received by Burke, Warren, MacKay, and Serritella, P.C. ("*Burke*") and for the disqualification of Burke as counsel for the Debtor/Debtor-in-Possession, in the above-captioned chapter 11 case. In support of its Motion, First American respectfully states as follows:

**INTRODUCTION**

1. First American, for the reasons stated in the U.S. Trustee's Motion for Disgorgement of Advanced Retainer and fully adopted herein, respectfully requests that Burke disgorge the $65,000 advanced retainer in its entirety. (Dkt. No. 98.)

2. First American further requests that Burke be disqualified from representing the Debtor. The fact that the Debtor's insiders paid Burke to initiate this case and stall First American's foreclosure and collection efforts makes clear why Burke has permitted the same insiders, who operate a for-profit business – the conference center – to avoid paying more than $600,000 in rent and real estate taxes to the Debtor for the benefit of the Debtor's creditors, including First American. It is because Burke has divided loyalties running to the Debtor and the Debtor's insiders. Burke is hopelessly conflicted from acting as a fiduciary for the Debtor's estate

and should be disqualified.

## JURISDICTION

3. This Court has jurisdiction over the subject matter hereof pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

## ARGUMENT

4. Burke did more than fail to disclose the source of its advanced retainer. Instead, in violation of well-established law, it made numerous misrepresentations to the Court regarding the source of the retainer. (*See* Dkt. No. 98.) In *In re Metropolitan Environmental, Inc.*, the court stated that:

> Bankruptcy Rule 2014(a) requires that any attorney wishing to be employed pursuant to § 327 of the Bankruptcy Code, file with the Court and the UST an application wherein certain information relating to the attorney's employment is disclosed. This information includes, among other things, 'any proposed arrangement for compensation.' Although no ongoing disclosure requirement is explicitly set forth in Rule 2014(a), as is the case with Bankruptcy 2016(b), case law has uniformly held that under Rule 2014(a), (1) *full disclosure* is a continuing responsibility, and (2) an *attorney is under a duty to promptly notify the court if any potential for conflict arises*.

293 B.R. 871, 887 (Bankr. N.D. Ohio 2003) (emphasis added).

5. In each of the first three Affidavits filed with this Court as Exhibit A to Debtor's Motion for Employment of Attorneys, Burke attorneys misrepresented that "[i]n conjunction with this representation, Debtor paid [Burke] $65,000.00 as an advance payment retainer." (Dkt. No. 16-1 at pp. 2, 4, 6.) In item 11 of its Statement of Financial Affairs, the Debtor listed a payment to Burke of $65,000.00, but left the line under "who made the payment, if not the debtor?" blank, which means it represented that the Debtor made the payment. (Dkt. No. 19 at p. 17.) In the

Disclosure of Compensation of Attorney for the Debtor(s), Burke indicated that its source of compensation was the "Debtor" and not "Other (specify)." (Dkt. No. 19 at p. 23.) According to the retention letter agreement attached to the Disclosure of Compensation of Attorney for the Debtor(s), Burke represented that the "Debtor has paid [Burke] the sum of $65,000.00 as an advanced payment retainer for this engagement." (Dkt. No. 24 at p. 23.) Each statement was intentionally false, and Burke did not voluntarily and willing disclose to the Court or First American's counsel the source of the advanced retainer.

6.      It was through a review of the Debtor's bank statements that First American discovered that the Debtor never paid Burke. After being confronted about the advanced retainer, Burke stated that the firm was instead paid by Stonegate Conference & Banquet Centre, LLC ("Stonegate"), a group of the Debtor's insiders and the Debtor's delinquent tenant. The fact that the Debtor's insiders paid Burke raises serious problems and explains why Burke has failed to move this case along. There is a clear conflict of interest prohibited by the Bankruptcy Rules and Illinois Rules of Professional Conduct.

7.      From the beginning, First American has argued that the filing of this bankruptcy was nothing more than a stalling tactic by the Debtor's insiders, as First American had filed a foreclosure action due to the Debtor's default on its loan. And then, if the default was not bad enough, Burke assisted the insiders in filing this bankruptcy case and made false representations to the Court in connection with Burke's retention in a clear effort to conceal the real entity behind this bankruptcy filing, Stonegate. Stonegate's motive is clear – it wanted to continue to operate the conference center for as long as it could, collect all its income, and not pay any rent or real estate taxes; thanks to Burke, Stonegate's plan has thus far been successful. Burke has done nothing to collect the money owed to the Debtor by Stonegate.

8.      This Court has discretion in fashioning sanctions. "In cases involving an attorney's

failure to disclose his fee arrangement under § 329 or Rule 2016, however, the courts have consistently denied all fees." *In re Keller Financial Services of Florida, Inc.*, 248 B.R. 859, 886 (Bankr. M.D. Fla. 2000) (citing *In re Downs,* 103 F.3d 472, 478 (6th Cir.1996)). Burke should likewise disgorge the $65,000 advanced retainer in its entirety.

9. Furthermore, although Burke should be acting as a fiduciary for the Debtor's estate (*In re Taxman Clothing Company*, 49 F.3d 310, 315 (7th Cir. 1995) (attorney has a "duty as a fiduciary to conserve the estate's net assets")), Burke has failed to do so. As a result of the bankruptcy filing, the foreclosure action was automatically stayed, and Burke has done nothing to move this case along. Importantly, Burke has failed to pursue collection actions against Stonegate, the entity that paid its legal fees, and the entity that currently owes the Debtor more than $600,000, a receivable that continues to increase. Instead of pursuing this large receivable, Burke has expended considerable resources fighting the Debtor's largest secured creditor, First American. Burke has also failed to timely file the Debtor's monthly operating reports, and took more than nine months to file a plan to move this case forward.

10. In addition to violating the Bankruptcy Rules, Burke's actions are evidence of a violation of Illinois Professional Rule of Conduct 5.4(c), which dictates that a "lawyer shall not permit a person who recommends, employs, or pays the lawyer to render legal services for another to direct or regulate the lawyer's professional judgment in rendering such legal services." It is clear that Stonegate is a party in interest and has significant influence over Burke's decision-making and professional judgment. Stonegate paid Burke's retainer and in so doing, effectively removed the risk that Burke would take any action to collect the more than $600,000 that Stonegate owes the Debtor. This is precisely why Burke's connection to Stonegate should have been disclosed at the outset, so that this conflict could be evaluated earlier. (Dkt. No. 98, ¶¶ 39-40.)

11. "Counsel seeking to be employed by a debtor in possession or trustee in a Chapter

11 case must also prove that it is disinterested and free of conflicts of interest." *In re Bartmann*, 320 B.R. 725, 744 (Bankr. N.D. Okla. 2004).  Burke has a clear conflict of interest and this conflict should disqualify Burke from representing the Debtor.

12. "The disclosure rules are applied literally, even if the results are sometimes harsh." (Dkt. No. 98, ¶ 41.)  Burke's misrepresentations and failure to act should disqualify it from serving as the Debtor's bankruptcy counsel as Burke's actions are considered a "sanctionable violation . . . sufficient . . . to revoke an employment order and deny compensation."  (Dkt. No. 98, ¶¶ 36-38.)

WHEREFORE, First American Bank respectfully requests that this Court enter an order requiring that Burke disgorge the $65,000 advanced retainer, disqualifying Burke from representing the Debtor/Debtor-in-Possession in the above-captioned chapter 11 case, and granting such other and further relief as this Court may deem just and proper.

Dated: February 27, 2019

Respectfully submitted,

**FIRST AMERICAN BANK,**
By:/s/  *Ronald R. Peterson*
        One of its Attorneys

| | |
|---|---|
| Ronald R. Peterson (ARDC #2188473) | Paul W. Carroll (ARDC #6196314) |
| RPeterson@jenner.com | PCarroll@gouldratner.com |
| Precious S. Jacobs (ARDC #6300096) | Matthew A. Olins (ARDC #6275636) |
| PJacobs@jenner.com | MOlins@gouldratner.com |
| JENNER & BLOCK LLP | GOULD & RATNER LLP |
| 353 North Clark Street | 222 North LaSalle Street, Suite 300 |
| Chicago, Illinois 60654 | Chicago, Illinois 60601 |
| Tel: (312) 923-2981/Fax: (312) 840-7381 | Tel: (312) 899-1651/Fax: (312) 236-3241 |